IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01419-ZLW-MEH

CLYDE E. SAVAGE,

    Petitioner,

v.

STEVEN HARTLEY, and
COLORADO ATTORNEY GENERAL,

    Respondents.

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket #2]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the Application be **dismissed with prejudice** as procedurally barred.

### I.    Facts

Petitioner Clyde Savage was convicted in state court in 1998 of first degree murder, extreme indifference, for the shooting death of twelve-year-old Reuben Romero. Petitioner was sentenced to life in prison with the possibility of parole after forty years. After the convictions were affirmed on direct appeal, Petitioner filed a motion for post-conviction relief based on ineffective assistance of counsel for failure to call or properly use expert witnesses in the area of ballistics and for pursuing a frivolous defense, which was denied by the state district court without a hearing. On appeal, the Colorado Court of Appeals remanded the matter for an evidentiary hearing. The trial court held an evidentiary hearing and denied Petitioner's motion. Petitioner appealed on the basis that the trial

court did not support its decision with adequate findings of fact and conclusions of law, and the Colorado Court of Appeals affirmed. Petitioner subsequently filed a second motion for post-conviction relief based on suppression of exculpatory evidence as well as ineffective assistance of counsel, which the trial court denied as successive. The Colorado Court of Appeals affirmed this ruling as well.

Petitioner then filed the instant Writ of Habeas. Petitioner presents the following claims for relief: (1) Petitioner was denied due process because the prosecution's ballistics expert committed perjury during his trial; and (2) Petitioner received ineffective assistance of counsel, who pursued a frivolous "alternate suspect" theory of defense. Application at pp. 5–6. As acknowledged by Respondents, and reviewed by the Court, Petitioner filed his application with the one-year time limit prescribed by AEDPA, making his Application timely. 28 U.S.C. § 2244(d).

## II. Discussion

### A. Standard of Review

In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.' The court does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (citations omitted). Before filing a federal habeas application, a state prisoner must first exhaust his state remedies by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 845 (1999). Based on the denial of certiorari review by the Colorado Supreme Court in Petitioner's case, habeas review in this Court is concerned with the proceedings in the Colorado Court of Appeals, which represents the final substantive proceedings in the state appellate review process.

This case is also governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA applies to all federal habeas applications filed after the AEDPA's effective date of April 24, 1996, regardless of when the state proceedings occurred. *Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999). Under AEDPA, a Petitioner is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000).

As the Supreme Court recently stated:

> A state-court decision is contrary to . . . clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (internal citations omitted).

The state court need not cite to Supreme Court cases in reaching its decision, provided that "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Accordingly, when a state court adjudicates a federal issue relying solely on

3

a state standard that is at least as favorable to the Petitioner as the federal standard, this Court may presume an adjudication on the merits and apply AEDPA deference. *Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005).

Even if the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, unless the error is a "structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by harmless-error standards," *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993), the harmless error standard of *Brecht* must be applied. *Herrera v. Lemaster*, 301 F.3d 1192, 1200 (10th Cir. 2002). Under *Brecht,* habeas relief is not proper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623.

Finally, factual findings made by the state trial and appellate courts are presumed correct, with the Petitioner bearing the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003). The burden remains, because "whether a state court's decision was unreasonable must be assessed in light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

### B. Exhaustion of Petitioner's Claims

To meet the exhaustion requirement, Petitioner must present his claims, including the grounds relied upon in his application, to the state court. *See O'Sullivan*, 526 U.S. at 843-45; 28 U.S.C. § 2254(b) and (c). Federal habeas review is only available for claims which the state prisoner has first raised at all appropriate levels of the state court system, and failure to do so precludes federal review.

#### 1. Exhaustion of Due Process Claim

4

As to Petitioner's due process claim based on the perjury of the prosecution's ballistic expert, he has never raised this claim in any state court proceedings, and it is, therefore, barred. Petitioner has consistently attacked the prosecution's ballistics expert. However, "'the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court.'" *Heckard v. Tafoya*, No. 03-2087, 2007 U.S. App. LEXIS 2206, *14 (10th Cir. Jan. 30, 2007) (citation omitted). Petitioner did not raise this claim as a due process claim based on perjury in state court but rather as an ineffective assistance of counsel claim for failure to use a defense ballistics expert and later as suppression of exculpatory evidence. Moreover, Petitioner did not file a petitioner for writ of certiorari with the Supreme Court of Colorado after the Colorado Court of Appeals affirmed the denial of his post-conviction motion. *O'Sullivan*, 526 U.S. at 847 (requiring a state prisoner to timely file a petition for discretionary review by the state supreme court to fully exhaust state remedies). This claim is, therefore, unexhausted.

Nevertheless, unexhausted claims may be reviewed if exhaustion would be futile. *Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999). Colorado's successive petition rule prevents Petitioner from raising new issues in a second post-conviction motion or from attempting to raise claims that could have previously been presented in an appeal. *See generally People v. Hubbard*, 519 P.2d 945, 948-49 (1974) (successive application rule). Accordingly, Petitioner has no prospect of obtaining relief in state court for this claim. In situations such as this, federal courts apply an anticipatory bar. *Anderson v. Sirmons*, 476 F.3d 1131, 1140 (10th Cir. 2007) ("Anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (citation and quotations omitted).

Under an anticipatory bar, this Court is procedurally barred from considering the Petitioner's claims, unless he can demonstrate "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result. *See Coleman*, 501 U.S. at 750. To demonstrate cause and actual prejudice, Petitioner must show that efforts to raise the claims at earlier stages were impeded by "some objective factor," such as a factual or legal basis for a claim that was not reasonably available during prior proceedings. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991). This objective standard considers not what a particular attorney or *pro se* Petitioner actually knew, but whether the claim was "reasonably available" upon diligent inquiry. *Id.* at 494, 496. In this case, Petitioner argues that the information was not previously available to him. Yet, Petitioner used this same evidence as the basis of his post-conviction motion for relief, albeit as a different constitutional claim. Thus, he has failed to establish cause for this delay. *Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007).

To demonstrate a fundamental miscarriage of justice, Petitioner must demonstrate that a constitutional error has probably resulted in the conviction of one who is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court has counseled, however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

Here, Petitioner relies on books authored by Dr. Vincent J. DiMaio of the FBI to claim that

6

the statements made by Detective Kerber at trial are inconsistent with these books. Petitioner did raise this issue, through the ineffective assistance of counsel claim, in his first post-conviction motion. The trial court denied this motion, in part, on the grounds that he found the prosecution's expert credible at the evidentiary hearing. Petitioner again raised this issue, by arguing that his rifle could not have been the murder weapon, in his second post-conviction motion. On appeal, the Colorado Court of Appeals concluded that this evidence had been raised and previously rejected by the courts in Petitioner's previous appeals. Response, Exh. T at 7. Given the trial court's findings that the expert was credible, to which this Court must give deference, coupled with Petitioner's inability to show cause for his failure to raise this due process claim in state court, Petitioner cannot establish cause and prejudice. Accordingly, claim one is procedurally barred.

### 2. Ineffective assistance of counsel

Petitioner also argues that his counsel's pursuit of a frivolous "alternate suspect" theory constituted ineffective assistance of counsel. While Petitioner did raise this claim in his first post-conviction motion, he appealed the trial court's denial of this claim solely on the basis that the trial court failed to make sufficient findings of fact and conclusions of law to support its denial. Response, Exh. N at 1. The Colorado Court of Appeals, therefore, addressed only the sufficiency of the trial court's findings to support the denial of the motion and not the substance of the findings for legal error. Response, Exh. P at 2. Because Petitioner failed to pursue this claim on appeal, he must establish cause and prejudice for this Court to review his claim.

In his Traverse, Petitioner does not address this failure and makes no attempt to establish cause. Further, Petitioner relies solely on the ineffectiveness of this defense as well as his counsel's failure to impeach the ballistics evidence as addressed in claim one. Again, Petitioner has failed to

7

meet the standard of new evidence of actual innocence required for this Court to review a procedurally barred claim.

**III.    Conclusion**

For the reasons stated above, the Court RECOMMENDS that the Application for a Writ of Habeas Pursuant to 28 U.S.C. § 2254 [Filed July 6, 2007; Docket #2] be **dismissed with prejudice** as procedurally barred.  Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 25th day of January, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).