IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-01419-ZLW-MEH

CLYDE E. SAVAGE,

        Applicant,

v.

STEVEN HARTLEY, Warden, Limon Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

        Respondents.

---

## ORDER OF DISMISSAL

---

The matter before the Court is Applicant Clyde E. Savage's Application For A

Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (Petition).  Applicant is serving

a life sentence after conviction on a charge of first degree murder, extreme indifference,

for the shooting murder of a twelve-year-old boy.  On July 6, 2007, Applicant filed the

present Petition, setting forth (1) a claim for violation of his constitutional right to due

process based upon alleged perjury by the prosecution's ballistics expert at trial, and

(2) a claim for violation of his constitutional right to effective assistance of counsel at

trial.  Pursuant to D.C.COLO.LCivR 72.1, this matter was referred to Magistrate Judge

Michael E. Hegarty, who on January 25, 2008, issued a Recommendation For Dismissal

recommending that the Petition be denied and that this action be dismissed with

prejudice.  Applicant thereafter filed Applicant's Objections To the Magistrate Judge's

Recommendation. The Court reviews de novo those portions of the Magistrate Judge's Recommendation to which Applicant has objected.[1]

## A. Due Process Claim Based on Alleged Perjury By Expert

### 1. Exhaustion

As a prerequisite to filing a federal habeas corpus petition, the applicant first must have exhausted his or her state remedies by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[2] Applicant contends that he presented his due process claim to the state court in his second motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c). To the contrary, Applicant's second Rule 35(c) motion, filed March 13, 2003, alleged only that the prosecution suppressed exculpatory evidence by destroying the rifle and ammunition used in the offense, and that Applicant's counsel's assistance was ineffective because he failed to investigate ballistics evidence and hire experts to counter the prosecution's experts.[3] "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."[4] Applicant never presented a due process claim in state court based on alleged perjury by the ballistics expert.

---

[1]See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

[2]O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

[3]Answer To Application For Writ Of Habeas Corpus, Ex. T at 2 (Doc. No. 19-21).

[4]Heckard v. Tafoya, 2007 WL 241280, *5 (10th Cir. Jan. 30, 2007) (quotation and citation omitted).

Any attempt by Applicant to return to state court to exhaust this claim would be procedurally barred under Colorado's successive application rule.[5] Therefore, this Court applies an anticipatory procedural bar to Applicant's due process claim,[6] and the claim is procedurally barred unless Applicant can show (1) cause for the default and resulting prejudice, or (2) that the Court's failure to consider the claim will result in a "fundamental miscarriage of justice."[7]

### 2.    Cause and Prejudice

Applicant argues that the cause for any default was "governmental interference on the part of [state trial] Judge [Christina] Habas . . . "[8] based on Applicant's contention that Judge Habas denied Applicant's second Rule 35(c) motion in retaliation for Applicant's "mov[ing] in the Colorado Supreme Court under C.A.R. 21, asking the court to exercise its supervisory authority and Order the lower Court to make a ruling on his application for relief."[9] Even if there were any indication in the record of improper "bias" on the part of Judge Habas, and there is not, Judge Habas' denial of Applicant's Rule 35(c) motion cannot as a matter of logic constitute cause for Applicant's failure to raise his due process claim in that very motion. The argument lacks merit.

---

[5]See People v. Hubbard, 519 P.2d 945, 948-49 (Colo. 1974).

[6]See Anderson v. Sirmons, 476 F.3d 1131, 1140 (10th Cir. 2007).

[7]Coleman v. Thompson, 501 U.S. 722, 749-750 (1991) (internal quotations and citations omitted).

[8]Plaintiff's Objection (Doc. No. 31) at 5.

[9]Id.

Applicant also argues that his "counsel was the 'cause' of the procedural default,"[10] since, Applicant asserts, he repeatedly told his counsel that the ballistics expert had "lied and/or testified contrary to that presented in his publications."[11] However, in order for the claimed ineffective assistance of counsel to constitute sufficient cause for a procedural default, Applicant must have presented that very ineffective assistance of counsel claim to the state courts as an independent claim,[12] which he did not. Applicant's argument fails.

Because Applicant has shown no cause for the procedural default, the Court need not address the issue of prejudice.[13]

## B. Ineffective Assistance of Counsel Claim

Plaintiff's second claim asserts that his trial attorney's pursuit of an unsuccessful "alternate suspect" theory constituted ineffective assistance of counsel. Applicant acknowledges that while he raised this issue in his first postconviction motion in the trial court, he appealed the denial of that motion only on the issue of the sufficiency of the trial court's findings, not on the merits of the claim. Applicant nonetheless argues that there was cause for this procedural default, namely, his attorney's mistake in failing to raise the issue properly. Again, however, alleged attorney error cannot constitute cause

---

[10]Id. at 8.

[11]Id.

[12]See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Murray v. Carrier, 477 U.S. 478, 489 (1986).

[13]See Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991).

for a procedural default unless an ineffective assistance of counsel claim based on that alleged error was presented to the state courts as an independent claim,[14] which did not occur here.  The claim was not exhausted, and there has been no cause shown for the procedural default.

## C.    Fundamental Miscarriage of Justice

Applicant also argues that he "is factually innocent of the crime upon which he was convicted resulting in a fundamental miscarriage of justice exception to the procedural default rule as well."[15]  However, assertions of a fundamental miscarriage of justice based on "actual innocence" must be supported by "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."[16]  Applicant must show by a preponderance of the evidence that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."[17]  Applicant has failed to do so here, and the fundamental miscarriage of justice exception thus does not apply.

---

[14]See Edwards, 529 U.S. at 451; Murray, 477 U.S. at 489.

[15]Plaintiff's Objection (Doc. No. 31) at 8.

[16]Schlup v. Delo, 513 U.S. 298, 324 (1995).

[17]Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir. 1998), quoting Schlup, 513 U.S. at 327.

The Court agrees with and hereby approves and adopts the Magistrate Judge's Recommendation (Doc. No. 27).  Accordingly, it is

ORDERED that Applicant's Objection To Recommendation Of The United States Magistrate Judge (Doc. No. 31) is overruled.  It is

FURTHER ORDERED that Applicant's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (Doc. No. 2) is denied, and the cause of action is dismissed with prejudice.

DATED at Denver, Colorado, this  3rd  day of September, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court